UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDUL GILL, | No. 2:14-cv-03015-KJM-AC |
| Plaintiff, | |
| v. | ORDER |
| STATE OF CALIFORNIA, et al., | |
| Defendants. | |

Plaintiff, proceeding in this action pro se, has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. ECF No. 3. This proceeding was referred to this court by Local Rule 302(c)(21). Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

1

1   indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
2   490 U.S. at 327.

3       A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
4   which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in
5   support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467
6   U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt
7   Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under
8   this standard, the court must accept as true the allegations of the complaint in question, Hospital
9   Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light
10  most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.
11  McKeithen, 395 U.S. 411, 421 (1969).

12      Although the legal basis of plaintiff's complaint it is not entirely clear, certain facts are
13  clearly pled. For example, plaintiff alleges that his Medi-Cal was wrongfully terminated on
14  December 31, 2013. ECF No. 1 at 3, 13.[1] From the documents plaintiff attached to his complaint
15  the court gathers that plaintiff contested the decision on March 26, 2014, at a hearing before the
16  California Department of Social Services in Sacramento.[2] Id. at 14. Based on a subsequent
17  "Notice of Action" letter from Sacramento County ("the County") dated April 2, 2014, it seems
18  that he prevailed at his hearing, as he was issued retroactive Medi-Cal benefits beginning March
19  2, 2014, at $321.00 share of cost. Id. at 15. On December 5, 2014, plaintiff's Medi-Cal benefits
20  were again approved by the County at the same $312.00 share of cost. Id. at 19. Plaintiff,
21  however, alleges that the County's share of cost determinations were erroneous. Id. at 6. As a
22  result of both (1) the County's original erroneous decision to terminate his Medi-Cal benefits, and
23  (2) their erroneous share of cost determinations, plaintiff alleges that he has been unable to seek
24  important medical treatment. Id. at 3, 6. Plaintiff claims that the County's actions in this matter
25  have been negligent, id. at 1, 8, and requests $600,000.00 in damages. Id. at 8.

---

[1] Citations to court documents refer to the page numbers assigned by the court's electronic docketing system.

[2] Under Fed. R. Civ. P. 10(c), the complaint is deemed to include any documents attached to it as exhibits as well as any documents incorporated into the complaint by reference.

1    Plaintiff's damages claims are noncognizable against defendants the State of California,
2 the California Department of Social Services ("CDSS"), and the California Health and Human
3 Services Agency ("CHHS").[3]  "The Eleventh Amendment bars suits against the State or its
4 agencies for all types of relief, absent unequivocal consent by the state." Romano v. Bible, 169
5 F.3d 1182, 1185 (9th Cir.1999) (citing Pennhurst v. Halderman, 465 U.S. 89, 100 (1984)).
6 Absent consent by the state or congressional authorization, damage suits against the state public
7 treasury are clearly precluded by the Eleventh Amendment. Ford Motor Company v. Department
8 of Treasury, 323 U.S. 459, 464 (1945).  Accordingly, the court dismisses plaintiff's claims
9 against the State of California, CDSS, and CHHS without leave to amend because they are barred
10 under the Eleventh Amendment.

11    As to the County the court finds that plaintiff's complaint fails to state a claim because it
12 does not contain a short and plain statement as required by Federal Rule of Civil Procedure
13 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair
14 notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev.
15 Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of
16 particularity overt acts which defendants engaged in that support plaintiff's claim. Id.  Although
17 it is clear that plaintiff is alleging his Medi-Cal determination was erroneous, he does not explain
18 what the County's involvement in the determination was, or why he believes it amounts to
19 negligence.  Indeed, the documents plaintiff attaches to his complaint support the proposition that
20 the state was responsible for his Medi-Cal determinations, not the County.  ECF No. 1 at 13, 15,
21 17, 19.  Because plaintiff has failed to comply with the requirements of Federal Rule of Civil
22 Procedure 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file
23 an amended complaint.  If plaintiff chooses to amend the complaint, plaintiff must set forth the
24 jurisdictional grounds upon which the court's jurisdiction depends.  Fed. R. Civ. P. 8(a).  Further,
25 the complaint must allege in specific terms the conduct engaged in by the remaining defendant,

---

[3] Although plaintiff does not specify in the caption of his complaint that defendant the Health and Human Services Agency is a state agency, the documents he attaches refer to it as such.  Specifically, the Notice of Action letters specify that they are from the "State of California, Health and Human Services Agency, California Department of Social Services."  ECF No. 1 at 13, 15, 17, 19.

the County, and how that conduct gives rise to his claim.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is granted;

2. Plaintiff's complaint is dismissed; and

3 Plaintiff is granted thirty (30) days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: January 15, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE