UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| ABDUL GILL, | No. 2:14-cv-03015 KJM AC |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| STATE OF CALIFORNIA, et al., | |
| Defendants. | |

Plaintiff is proceeding in this action pro se, and in forma pauperis. This proceeding was referred to this court by E.D. Cal. R. 302(c)(21).

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

The court's prior order described the standard for finding a claim to be legally frivolous. ECF No. 4 at 1-2. The order then dismissed plaintiff's claims against the State defendants without leave to amend, because under the Eleventh Amendment to the U.S. Constitution, he is not allowed to sue the State of California, the California Health and Human Services Agency and the California Department of Social Services. ECF No. 4 at 3. The court granted plaintiff leave to amend his claims against Sacramento County. Id., at 4.

1

1   Plaintiff has now amended his complaint.  ECF No. 5.  The amended complaint, however,
2   does not indicate who the defendants are.  The caption names the same State defendants that
3   plaintiff is not permitted to sue, and it no longer includes the County.

4   In addition, the complaint alleges no facts that show that plaintiff has suffered a legal
5   wrong, that he is entitled to any relief, or that this federal district court has jurisdiction to consider
6   his case.  The complaint does allege that plaintiff's medical benefits were terminated.  It sets forth
7   the wrenching consequences of plaintiff's inability to obtain desperately needed medical help.
8   However, this federal district court is powerless to compel the State or its agencies to comply
9   with State laws or regulations.  See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89
10  (1984).  In a case such as this, the federal district court can provide relief only if the plaintiff has
11  suffered a legal wrong because a state official or municipal entity (or other "person" within the
12  meaning of 42 U.S.C. § 1983), violated the federal Constitution or laws.  See Frew ex rel. Frew v.
13  Hawkins, 540 U.S. 431, 437 (2004) ("[t]o ensure the enforcement of federal law, . . . the Eleventh
14  Amendment permits suits for prospective injunctive relief against state officials acting in
15  violation of federal law").

16  The complaint does not, for example, allege facts showing that the terminated medical
17  benefits were entitlements and that they were terminated by a state official (or a municipal entity
18  such as the County, or municipal official), without a hearing, or that the official otherwise
19  deprived plaintiff of the due process of law.  See Goldberg v. Kelly, 397 U.S. 254 (1970)
20  (termination of State welfare benefits requires a pre-termination hearing in order to comply with
21  Due Process requirements of the Fourteenth Amendment to the U.S. Constitution).  With no such
22  factual allegations, the complaint must be dismissed.

23  The court will, however, again grant plaintiff leave to file an amended complaint.  If
24  plaintiff chooses to amend the complaint, he must say why federal jurisdiction exists, that is, what
25  federal statute authorizes this court to consider this case.  Fed. R. Civ. P. 8(a)(1).  Further, the
26  complaint must state who the defendants are.  It is not sufficient to name defendants in the
27  caption, they must be named in the body of the complaint, in a separate section entitled "The
28  Parties" or "The Defendants."  The complaint must allege in specific terms the conduct the

defendants engaged in, and how that conduct violated his rights under the federal Constitution or laws. Also, plaintiff may not name the State defendants from his original complaint, as those defendants have been dismissed without leave to amend.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. E.D. Cal. R. 220. An amended complaint must be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed; and

2. Plaintiff is granted thirty (30) days from the date of service of this order to file an amended complaint that complies with the requirements of this order, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: February 17, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE